UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINETTE YBARRA,

                                               Case No.

             Plaintiff,

v

PONTIAC CABS, INC., a Michigan corporation,      (***JURY DEMAND***)
AMA TRANSPORTATION, INC., a Michigan
Corporation, and AHMED ABUBARS, an individual

             Defendant.
_____/
SCHWARTZ LAW FIRM, P.C.
By: Mary A. Mahoney (P41568)
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400
_____/

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, ANTOINETTE YBARRA, by and through her attorneys, Schwartz Law Firm, P.C., and for her Complaint states:

1.     This is an action or damages, brought pursuant to Title VII and the Michigan Elliot-Larsen Civil Rights Act. In this action, Plaintiff seeks damages and/or other equitable relief against the Defendants, as a result of gender discrimination that occurred while the Plaintiff was employed by the corporate

1

Defendant, and arising out of Plaintiff's termination, which occurred as a result of discriminatory actions taken by Defendants during Plaintiff's employment.

2.      This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, specifically 42 USC §2000(e) *et seq,* and by the Elliot-Larsen Civil Rights Act, specifically MCL §37.2101, *et seq.*

3.      As a result of the gender discrimination that occurred while the Plaintiff was employed by the above-named corporate Defendant and as a result of the Plaintiff's wrongful constructive termination, the Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission as to the corporate Defendant.

4.      Subsequent to September 25, 2019, Plaintiff received a right to sue letter from the EEOC.

5.      Jurisdiction of this Court is invoked pursuant to 42 USC § 2000(e)(5)(f); 28 USC § 1331, 28 USC 1337, 28 USC § 1343 (a)(3) and (4) and 28 USC 1367(a); all of the acts complained of occurred within.

6.      The amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorney fees thereon.

## **PARTIES**

7.      Plaintiff, ANTOINETTE YBARRA, was at all times relevant hereto an individual residing in the City of Waterford, County of Oakland, State of Michigan.

2

8.     Defendant, PONTIAC CABS, INC. ("Pontiac Cab"), was at all times relevant hereto a corporation duly organized and existing under the laws of the State of Michigan, and doing business in the State of Michigan.

9.     Defendant, AMA TRANSPORTATION, INC. ("AMA"), was at all times relevant hereto a corporation duly organized and existing under the laws of the State of Michigan, and doing business in the State of Michigan.

10.    Defendant, AHMED ABUBARS a/k/a/ BRIAN ABUBARS, was at all times relevant hereto an individual residing upon information and belief in Oakland County, Michigan, and was the owner, operator and/or manager of Defendants Pontiac Cab and AMA.

11.    In April, 2009 Plaintiff was hired at the Pontiac, Michigan location for Pontiac Cab/AMA Transportation.

12.    Throughout Plaintiff's employment with Pontiac Cab/AMA, she consistently performed her work for Defendants in a manner that was above satisfactory.

13.    From the date of her hire until the date of her constructive termination, Plaintiff never received a verbal or written warning of any kind pertaining to her performance as dispatcher and office manager.

14.    Prior to June, 2014, Defendant ABUBARS, who was Plaintiff's sole superior and chief operating manager for Defendants made unwelcome comments that

3

were offensive in nature, and directed disparaging and demeaning comments that were gender-based at Plaintiff.

15.     Plaintiff left her employment with Pontiac Cab/AMA to accept another position in June, 2014 for approximately 8 months, but returned to work at the request of ABUBARS in February, 2015.

16.     After Plaintiff returned to work for Defendants in February, 2015, the offensive and inappropriate behavior by ABUBARS became severe and pervasive, and included frequent and repeated verbal abuse, threatening and demeaning statements directed at Plaintiff in front of other employees, offensive sexual statements, offensive sexual conduct, intimidation, unwanted sexual advances, and other unwelcome and unlawful conduct and statements.

17.     ABUBARS persistent and unwelcome conduct was severe and pervasive and altered Plaintiff's working conditions, and created an abusive work environment; ABUBARS' conduct frequently became worse because Plaintiff did not respond favorably to his suggestive, inappropriate, offensive and discriminatory statements.

18.     In February, 2018, just before ABUBARS was leaving for a trip overseas, Plaintiff requested that he resolve a significant operating issue impacting Plaintiff's ability to do her job, however, ABUBARS responded by directing demeaning gender-based insults at her in front of other employees, and ABUBARS left town without resolving the operating issue.

19.     On March 2, 2018, when the aforementioned operating issue resulted in the complete inability of Plaintiff to perform her assigned work, and ABUBARS was overseas and unavailable to provide guidance, Plaintiff left work as a result of the ongoing gender-based harassment and hostile and abusive working conditions.

20.     As of March 2, 2018, the abusive and hostile working conditions at Defendants, as a direct result of the actions of Defendant ABUBARS, had become so intolerable that a reasonable person in the same position would have felt compelled to resign, and Plaintiff's decision to leave work was reasonable and appropriate under the circumstances.

21.     As a direct and proximate result of the aforementioned wrongful conduct of the Defendants, Plaintiff has suffered, is currently suffering, and will continue in the future to suffer damages, including without limitation:

      (a)     Lost compensation, including wages and benefits;

      (b)     Severe emotional distress, including fear, anxiety and depression;

      (c)     Physical pain and suffering occasioned by the aforementioned emotional distress;

      (d)     Loss of reputation;

      (e)     Loss of dignity and self-esteem;

      (f)     Loss of earning capacity; and

      (g)     Other damages to be determined.

## COUNT I

## GENDER DISCRIMINATION – TITLE VII
## AS TO PONTIAC CAB AND AMA

22.     Plaintiff repeats and realleges her allegations contained in paragraphs 1 through 21 above, as though fully restated below.

23.     At all times relevant hereto, Plaintiff was employed by Defendant, ABRH, and as such, Plaintiff and Defendant were covered by and subject to the requirements and prohibitions of Title VII, specifically 42 USC § 2002 *et seq,* and the Elliot-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

24.     Plaintiff was discriminated against based on her gender in the course of her employment, as described above.

25.     The wrongful conduct of Defendant as described herein, constituted gender discrimination and resulted in a hostile work environment contrary to Title VII of the US Code and the Elliot-Larsen Civil Rights Act.

26.     As a direct and proximate result of Defendant's unlawful actions, as described above, Plaintiff has suffered the injuries and damages set forth previously.

27.     Plaintiff seeks an additional award of actual attorney's fees and costs, as authorized in the US Code and Michigan statute with respect to civil rights violations.

28.     The actions of Defendants were knowing, willful and intentional and accordingly, Plaintiff is entitled to an award of punitive and/or exemplary damages.

6

WHEREFORE, Plaintiff, ANTOINETTE YBARRA respectfully requests that this Court enter judgment against Defendants which provides the following relief:

I.    Legal Relief

    A.    Compensatory damages in an amount in excess of $75,000.00;

    B.    Exemplary damages in an amount in excess of $75,000.00;

    C.    Punitive damages in an amount in excess of $75,000.00; and

    D.    Interest, costs and actual attorney fees.

II.    Equitable Relief

    A.    Enter an Order reinstating Plaintiff to the position she would have held had there been no discrimination;

    B.    Enter an injunction prohibiting any further acts of discrimination;

    C.    Award Plaintiff interest, costs and reasonable, actual attorney fees; and

    D.    Enter such other and further Orders as the Court deems just and appropriate at the time of the final judgment.

## COUNT II

## DISCRIMINATION AND HOSTILE ENVIRONMENT – ELCRA AS TO ALL DEFENDANTS

29.    Plaintiff incorporates by reference paragraphs 1 through 28.

30.    At all material times, Plaintiff was an employee, and Defendants were her employers, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

31.     Plaintiff was sexually harassed and discriminated against because of her gender by Defendants through its agent ABUBARS throughout the course of her employment.

32.     This sexual harassment has included, but is not limited to, unwelcome comments and conduct of an offensive and sexual nature directed at Plaintiff and the creation of a hostile work environment.

33.     The actions of Defendants and their agents, representatives, and employees were intentional.

34.     The conduct of Defendants' agents and employees in sexually harassing and directing gender-based offensive and discriminatory statements at Plaintiff constitutes sexual discrimination in violation of MCL 37.2101 et seq.

35.     As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

WHEREFORE, Plaintiff, ANTOINETTE YBARRA respectfully requests that this Court enter judgment against Defendants which provides the following relief:

I.      <u>Legal Relief</u>

        A.      Compensatory damages in an amount in excess of $75,000.00;

B.    Exemplary damages in an amount in excess of $75,000.00;

C.    Punitive damages in an amount in excess of $75,000.00; and

D.    Interest, costs and actual attorney fees.

II.   <u>Equitable Relief</u>

A.    Enter an Order reinstating Plaintiff to the position she would have held had there been no discrimination;

B.    Enter an injunction prohibiting any further acts of discrimination;

C.    Award Plaintiff interest, costs and reasonable, actual attorney fees; and

D.    Enter such other and further Orders as the Court deems just and appropriate at the time of the final judgment.


SCHWARTZ LAW FIRM, P.C.


By:  s/ Mary A. Mahoney
      Attorney for Plaintiff
      37887 West Twelve Mile Road, Suite A
      Farmington Hills, Michigan 48331
      (248) 553-9400
      mmahoney@schwartzlawfirmpc.com
Dated:  December 24, 2019    (P41568)

9

## <u>PLAINTIFF'S JURY DEMAND</u>

NOW COMES Plaintiff ANTOINETTE YBARRA, by and through her attorney, Schwartz Law Firm, P.C., and hereby demands a trial by jury of the within cause.

SCHWARTZ LAW FIRM, P.C.


By:  s/ Mary A. Mahoney
     Attorney for Plaintiff
     37887 West Twelve Mile Road, Suite A
     Farmington Hills, Michigan 48331
     (248) 553-9400
     mmahoney@schwartzlawfirmpc.com

Dated:  December 24, 2019     (P41568)